IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES T. ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-1037-GPM |
| ) | |
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 04-30139-GPM |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Petitioner, James T. Ellis, is serving a 288 month sentence for his part in a fourteen person conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana. He brings this action pursuant to 28 U.S.C. § 2255 challenging his sentence. Mr. Ellis claims his lawyer was ineffective because he failed to: advise him to accept a plea agreement; object to a two-level enhancement for possession of a gun at sentencing; object to the calculation of his relevant conduct at sentencing; object to certain witness testimony; and object to a sentence enhancement due to a prior drug conviction. For the following reasons the motion is denied.

### BACKGROUND

Mr. Ellis retained Paul M. Storment III as his lawyer after he was indicted November 18, 2004. Mr. Storment moved to withdraw as counsel on June 14, 2005 because of a breakdown in the attorney-client relationship. The Court granted Mr. Storment's motion on June 22, 2005 and appointed Ms. Carter Collins Law to represent Mr. Ellis. Later attorney Paul E. Sims was appointed and substituted for Ms. Law.

During the trial, Mr. Ellis's co-defendant Elvin Pawnell testified that Mr. Ellis possessed a handgun during the conspiracy. Another co-defendant, Charles Howliet, testified to relevant drug amounts. Mr. Ellis was found guilty by the jury of conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine and cocaine base, and 100 kilograms or more of a mixture or substance containing marijuana. Before sentencing, Mr. Sims filed objections to the two-level gun enhancement and relevant conduct calculations contained within the presentence report. Mr. Sims argued, *inter alia*, that various drug amounts and gun possession included in the report were not proved by the evidence at trial beyond a reasonable doubt. These objections were denied. There was a 21 U.S.C. § 851 enhancement regarding Mr. Ellis's previous drug conviction, and the presentence report specified a twenty-year statutory minimum sentence of incarceration. Based on a total offense level of thirty-eight and criminal history category of IV, the guideline range for imprisonment was 324 to 405 months. The Court adopted the presentence report and imposed a below guidelines sentence of 288 months imprisonment.

On direct appeal, Mr. Ellis argued that the District Court improperly increased his offense level based on his possession of a firearm during the commission of the offense. The Seventh Circuit rejected that argument: "[W]e find no plain error in the district court's determination that [co-defendant] Pawnell's proffer was reliable and that it alone was sufficient to establish by a preponderance of the evidence that Ellis possessed a firearm in furtherance of the conspiracy." *United States v. Farmer, et al.*, 543 F.3d 363, 371-72 (7th Cir. 2008). Petitioner filed this § 2255 motion December 14, 2009.

## DISCUSSION

### A.     Evidentiary Hearing

A hearing is not always required on § 2255 motions. "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo*

*v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotations omitted). However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then a hearing is not required. *Id.*, *quoting* 28 U.S.C. § 2255; *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). For an evidentiary hearing to be granted, the Seventh Circuit requires that a motion made pursuant to § 2255 "include an affidavit setting forth the specific basis for relief." *Kafo*, 467 F.3d at 1067. The affidavit is a threshold requirement; "its absence precludes the necessity of a hearing." *Id*. The specific allegations in the motion and accompanying affidavit must go beyond merely unsupported assertions; "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996).

Mr. Ellis did not specifically request an evidentiary hearing until submitting his Response to the Government's Motion to Dismiss. He never submitted the requisite affidavit to support the hearing request. Furthermore, after careful review of the motion, files and records, the Court concludes that any factual matters raised by the motion may be resolved on the record and an evidentiary hearing is not required in this case.

**B.      Legal Standard**

In general, the Court must grant a request to vacate, set aside, or correct a federal prison sentence when "the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt*, 83 F.3d at 816.

> [R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process. Consequently, Rule 4 of the *Rules Governing § 2255 Proceedings for the United States District Courts* provides that '[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'

*Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Relief under § 2255 is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997), *quoting Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). Petitions under § 2255 are subject to various bars, including that of procedural default. A § 2255 petition is "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, such a petition cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

### C.     Ineffective Assistance of Counsel

If a § 2255 motion claiming ineffective assistance of counsel survives preliminary review and is considered on its merits, the Court evaluates the claim under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007), *citing Strickland v. Washington*, 466 U.S. 668, 694 (1984). There is a heavy burden of proof on a petitioner asserting an ineffective assistance of counsel claim. *Harris v. Reed*, 894 F.2d 871, 874 (7th Cir. 1990). "The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Under *Strickland*, the petitioner must prove (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that 'there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *McDowell*, 497 F.3d at 761. If the Court finds *either* the performance *or* the prejudice component of the ineffective assistance claim deficient under the *Strickland* test, then there is no need to consider the sufficiency of the other component. *See United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

### 1. Review of Attorney Performance

The Court's review of attorney performance is "'highly deferential,' with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002), *quoting Strickland*, 466 U.S. at 689. Counsel is "strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004). The Court presumes that counsel made reasonable strategic choices unless the petitioner produces evidence rebutting that presumption. *Id.* Hence, it is "not easy for a petitioner to show that his counsel's performance was objectively ineffective, as … '[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.'" *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006), *quoting Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Hartjes*, 456 F.3d at 790.

### 2. Prejudicial Effect of Attorney Performance

Proving that deficient performance of counsel actually prejudiced the defense requires a showing of the "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004), *citing Strickland*, 466 U.S. at 694; *see also Williams v. Taylor*, 529 U.S. 362, 363 (2000). This test is also "highly deferential to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005). The petitioner must demonstrate that counsel's error actually had an adverse effect. *Strickland*, 466 U.S. at 693. However, "[n]ot every adverse consequence of counsel's choices is 'prejudice' for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). Counsel's conduct must be shown to have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cooper*, 378 F.3d at 642, *citing Strickland*, 466 U.S. at 686. The petitioner must prove that counsel's ineffectiveness deprived him of a substantial or procedural right to which he is entitled by law. *Williams*, 529 U.S. at 363. The petitioner must introduce objective evidence in support of his § 2255 motion–self-serving testimony is not sufficient to prove the prejudice component of the *Strickland* test for ineffective assistance of counsel. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996); *see also Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (finding defendant did not present sufficient evidence to satisfy *Strickland* prejudice prong when defendant never stated that he would have accepted the guilty plea but for his counsel's advice and did not present objective evidence to that effect). When analyzing counsel's performance at sentencing, prejudice exists when, but for counsel's action or inaction, the movant would have received a shorter sentence. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001); *Strickland*, 466 U.S. at 694. With this standard in mind, the Court turns to consideration of Petitioner's arguments.

      **D.**      **Petitioner's Motion to Vacate, Set Aside or Correct Sentence**

Mr. Ellis contends that his counsel failed to: advise him to accept a plea agreement; object to a two-level enhancement for possession of a gun at sentencing; object to the calculation of his relevant

conduct at sentencing; object to certain witness testimony; and object to a sentence enhancement due to a prior drug conviction. Failure to establish either of the two *Strickland* prongs is fatal to Mr. Ellis's application. *Slaughter*, 900 F.2d at 1124.

### 1. Plea Negotiations

Mr. Ellis alleges that counsel was ineffective for failing to advise him to accept a plea deal of twenty years. He does not specify which of his attorneys failed to advise him regarding this matter. It is true that an attorney's performance may fall below the minimum threshold if counsel advises his client to reject a plea bargain in the face of overwhelming evidence of guilt and an absence of viable defenses. *Toro*, 940 F.2d at 1068. Here, however, there is nothing in the record to suggest that Mr. Ellis was advised to reject a plea agreement beyond his own bare assertion. Mr. Sims's affidavit states that he advised Petitioner of the risks of taking his case to trial and that it was Mr. Ellis's decision to proceed to trial. And, aside from Mr. Ellis's assertion, there is no evidence that the government offered Petitioner a plea deal. The motion does not attach a copy of any proposed agreement, state when or by whom such a plea offer might have been made, or give any details other than to assert that the plea deal contemplated a twenty year sentence. Petitioner fails to establish or identify any specific acts or omissions that fell outside the wide range of professionally competent assistance required by *Strickland*.

Even if Mr. Ellis could point to a bargain that he was advised to reject, he can't show he was prejudiced by this advice. If Mr. Ellis had received a three-level reduction for acceptance of responsibility and no § 851 enhancement, his guideline range would be 235 to 293 months with a statutory range of ten years to life. His sentence of 288 months, based upon statutory factors in 18 U.S.C. § 3553(a), falls squarely within that range and nothing in the record suggests the § 3553(a) factors would have been weighed any differently. Petitioner fails to demonstrate any prejudice.

**2. Gun Possession Sentence Enhancement**

Mr. Ellis alleges that Mr. Sims failed to properly object during sentencing to the two-level enhancement for possession of a firearm during the conspiracy and therefore did not properly preserve this issue for appeal. A part of this argument is that Mr. Sims failed to object to unreliable witness statements regarding gun possession and that he failed to object that possession of a firearm during the conspiracy was not established by a preponderance of evidence.

Mr. Sims objected to the gun enhancement both before the trial court and on appeal. *United States v. Farmer, et al.*, 543 F.3d 363, 369-72 (7th Cir. 2008). He objected to the presentence report, arguing that whether Mr. Ellis carried a handgun during meetings with co-defendant Pawnell was not proved beyond a reasonable doubt by the evidence at trial. Mr. Ellis argues that Mr. Sims argued the incorrect standard of beyond a reasonable doubt rather than by a preponderance of evidence. However, at the sentencing hearing, the Court considered and rejected counsel's arguments under the appropriate, preponderance of evidence standard. "I think the probation officer made the correct findings, and in that regard, the defendant's objections are overruled." (Sentencing Transcript, p. 4, line 12-14). "For the very reason that the objections should be overruled, that is to say, the defendant is … potentially doing time for matters that the jury didn't find, it's for that reason that the guidelines are just that, the guidelines. They don't bind. They're authoritative, but they don't bind." *Id*. at 16-21. Additionally, the Seventh Circuit affirmed that determination. "[W]e find no plain error in the district court's determination that Pawnell's proffer was reliable and that it alone was sufficient to establish by a preponderance of the evidence that Ellis possessed a firearm in furtherance of the conspiracy." *Farmer*, 543 F.3d at 371-72.

### 3. Relevant Conduct Sentence Enhancement

Mr. Ellis claims his lawyer was ineffective because he did not challenge the inclusion of twenty-seven kilograms of cocaine in his relevant conduct and failed to challenge the finding that the instant offense was committed less than two years after his release from custody.

Mr. Sims's affidavit states, and the record reflects, that he did file an objection to the presentence report–specifically objecting to the presentence report's relevant conduct calculations. Mr. Sims did exactly what Mr. Ellis claims should have been done. As to Mr. Ellis's claim that the instant offense was not committed within two years of release from custody, Mr. Ellis was released from custody on September 17, 1992. He was convicted of participating in a conspiracy that began in 1994. Nothing in the record specifies when exactly in 1994 Mr. Ellis initiated his participation in the conspiracy. Mr. Ellis may have had a point; however, the claim fails the second *Strickland* prong–there was no prejudice.

The Court found the relevant conduct to include sixty-seven kilograms of powder cocaine and 556.7 grams of crack cocaine. The powder and crack cocaine had marijuana equivalencies of 13,400 and 11,134 kilograms respectively for a total of 24,534 kilograms. The base offense level was calculated to be 36 based on relevant conduct of between 10,000 and 30,000 kilograms of marijuana equivalency units ("MEUs"). Even if the twenty-seven kilograms of powder cocaine complained of had not been included, the relevant conduct would have been 19,134 kilograms of MEUs and the guideline calculation would have been the same. Likewise, the criminal history computation would have been the same. The Court attributed nine criminal history points to Mr. Ellis, which put him in category IV. Had he not received one point for committing the instant offense within two years of release, he would have had eight criminal history points, which would still place him in category IV. So, even if Mr. Ellis succeeded on both of these claims, his offense level and criminal history category

under the guidelines would have been the same.

### 4. Witness Testimony

Mr. Ellis claims that counsel was ineffective for failing to object to the testimony of co-defendant Howliet at trial. Mr. Howliet testified to Mr. Ellis's involvement in the conspiracy, including drug amounts connected to Petitioner. Mr. Ellis argues that counsel should have requested a competency or literacy test to determine 'how illiterate' Mr. Howliet was in order to determine whether Mr. Howliet was capable of testifying to relevant drug amounts involved in the conspiracy–but of course there is no literacy test to determine legal competency.

Mr. Sims states in his affidavit that it was a strategic decision to allow Mr. Howliet to testify so as to allow the jury to see his demeanor and permit counsel to cross-examine him. "Often an attorney must take risks on cross-examination, and when hostile witnesses are involved, these risks may backfire." *Hardamon v. United States*, 319 F.3d 943, 949 (7th Cir. 2003). "Such risk taking, however, does not necessarily amount to ineffective assistance." *Id*. "[M]any trial tactics, like so many other decisions that an attorney must make in the course of representation, [are] a matter of professional judgment." *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000) (internal quotation omitted). Thus, we resist a natural temptation to become a "'Monday morning quarterback.'" *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002), *quoting Hall,* 212 F.3d at 1021. "This court will not second-guess trial tactics that are rationally-based." *United States v. Zarnes*, 33 F.3d 1454, 1473 (7th Cir. 1994).

> It is not our task to call the plays as we think they should have been called. On the contrary, we must seek to evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.

*Hall*, 212 F.3d at 1021, *quoting United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991). Mr. Sims made the decision not to object to Mr. Howliet's testimony in order for the jury to weigh his credibility and to permit cross-examination. The choice to do so was reasonable at the time the decision was made.

Mr. Ellis alleges that "a reasonable probability of a different outcome exist[ed]" if counsel objected to Mr. Howliet's testimony. He does not explain how any particular objection would have resulted in the exclusion of any of Mr. Howliet's trial testimony or how the exclusion of any testimony would have affected the guilty verdict. A trial court is not authorized to exclude witnesses because they are illiterate or slow. Additionally, there was plenty of other evidence. More than eleven kilograms of powder cocaine, 536 grams of crack cocaine, and 14.8 kilograms of marijuana were seized as evidence in this case. At trial, the government played Mr. Ellis's recorded telephone calls obtained through court-authorized wire taps–the guilty verdict was well supported.

### 5.    Petitioner's Prior Drug Conviction Sentence Enhancement

Mr. Ellis contends that his lawyer failed to properly object to the government's motion seeking a § 851 sentence enhancement for a prior drug conviction. In 1987, Petitioner plead guilty to unlawful possession of cocaine in St. Clair County, Illinois and was sentenced to twenty-four months probation. Upon completion of the probationary period, the State of Illinois expunged that state court conviction pursuant to 720 Ill. Comp. Stat. 570/410(f) ("Upon fulfillment of the terms and conditions of probation, the court shall discharge the person and dismiss the proceedings against him."). Mr. Ellis thinks he had no prior drug conviction for the purposes of § 851 because his 1987 state conviction had been expunged and thus could not be used against him in any subsequent proceedings.

Federal law, not state law, defines a "conviction" for the purposes of § 841. *United States v. Gomez*, 24 F.3d 924, 930 (7th Cir. 1994) ("the meaning of the word 'conviction' in a federal statute is

a question of federal law unless Congress provides otherwise."). "Under federal law, a sentence of probation received according to 720 Ill. Comp. Stat. 570/410 constitutes a conviction." *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003). In *United States v. Dickerson*, the Supreme Court held that expunction does not alter or remove the existence of a prior conviction under firearm statutes. *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 115 (1983). The Seventh Circuit has cited *Dickerson* in holding that expunction of a previous drug conviction does not prohibit the district court from considering a prior felony drug conviction for sentencing purposes under § 841. *Graham*, 315 F.3d at 783 ("[T]he fact that Graham received probation that was later discharged does not alter the fact that he possesses a prior drug-related felony conviction qualifying him for the enhancement under § 841(b)(1)(B)."). In 1986, three years after the Supreme Court's *Dickerson* decision, Congress amended the gun control statutes to provide that the term "conviction" for a firearm offense "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). By contrast, Congress did not amend the drug statutes to indicate that the definition of "conviction" depends on anything other than federal law. *See* 21 U.S.C. §§ 802, 841. Although the Seventh Circuit has not specifically addressed whether the added definitional language of the firearm statute extended to previous felony drug convictions, other Circuits have held that it does not. *See Adams v. United States*, 2008 WL 5411661, n.8 (E.D. Mich. Dec. 24, 2008), *aff'd* 622 F.3d 608 (6th Cir. 2010); *United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008); *United States v. Norbury,* 492 F.3d 1012, 1015 (9th Cir.2007).

      What matters for this analysis is that counsel successfully secured Mr. Ellis a below-guideline sentence of 288 months despite the fact that his offenses involved sixty-seven kilograms of powder cocaine and 556.70 grams of cocaine base. The Court found Mr. Ellis's offense level to be 38 and his criminal history category to be IV, resulting in a guideline range of 324 to 405 months. Petitioner's

sentence of 288 months imprisonment was below the guideline range. Even if Mr. Ellis had not received the sentence enhancement pursuant § 851, his sentence of 288 months would still be within the statutory range of ten years to life. The Court thought 288 months was a reasonable sentence irrespective of the guidelines. Mr. Ellis can't show prejudice.

## CONCLUSION

Mr. Ellis's motion for relief pursuant to 28 U.S.C. § 2255 is DENIED on the merits and this action is DISMISSED with prejudice. The Clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED.**

DATED: November 10, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge